Case No. 13-5943

# United States Court of Appeals for the Sixth Circuit

Roslyn Currier v. First Resolution Investment Corp.

Appeal from a dismissal with prejudice entered
by the U.S. District Court for the Eastern District of Kentucky

Appellant's Reply brief submitted by,

/s/ James R. McKenzie

James R. McKenzie
James R. McKenzie Attorney, PLLC
4055 Shelbyville Road
Suite B
Louisville, KY 40207

# Table of Contents

Table of Authorities ........................................................................................ ii

I. First Resolution Misunderstands the Standard ........................ 1
of Review of an Order Dismissing for Failure
to State a Claim

II. Ms. Currier's Issues are Properly Preserved ........................... 2
for Review

III. First Resolution had no Legal Right to File ............................ 2
a Judicial Lien on a Non-Final Judgment

# Table of Authorities

## Federal and State Cases

*Bangura v. Hansen,* 434 F.3d 487 (6th Cir. 2006) ........................................ 1

*Carver v. Bunch*, 946 F.2d 451 (6th Cir. 1991) ............................................ 1

*Harris v. Camp Taylor Fire Protection District*, ........................................ 4
303 S.W.3d 479, 482 (Ky. App. 2009)

*Leone v. King Pharmaceuticals, Inc.*, 2:10-CV-230 ..................................... 1
2011 WL 4439678 (E.D. Tenn. Sept. 22, 2011)

*Light v. City of Louisville*, 248 S.W.3d 559, 563 (Ky. 2008) ...................... 3

*Performance Contracting, Inc. v. Seaboard Sur. Co.*, ................................. 2
163 F.3d 366, 369 (6th Cir. 1998)

*Wilson v. Asset Acceptance, LLC*, ............................................................. 4, 5
864 F.Supp.2d 642 (E.D. Ky., 2012)

## Federal Statutes and Rules

Fed. R. Civ. P. 12(b)(6) ................................................................................ 1

**State Statutes and Rules**

| | |
|---|---|
| KRS 426.030 | 2, 3, 4 |
| KRS 426.720 | 2, 3, 4 |
| CR 52.02 | 4 |
| CR 59.04 | 4 |
| CR 59.05 | 4 |

## I. The Standard of Review on an Order Dismissing for Failure to State a Claim Is *De Novo*

Appellee First Resolution Investment Corp. moved under Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint in this case for failure to state a claim upon which relief can be granted. Motion to Dismiss, RE 4, Page ID #20-21. Consequently, First Resolution as the moving party bore the burden "of demonstrating that the plaintiff failed to state a claim." *Bangura v. Hansen*, 434 F.3d 487, 498 (6th Cir. 2006). As the non-moving party opposing the motion, Ms. Currier had no burden. *Id.* Consequently, even if Ms. Currier did not respond to the motion to dismiss, the district court could not dismiss the action based on a failure to respond. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991); *see also Leone v. King Pharmaceuticals, Inc.*, 2:10-CV-230, 2011 WL 4439678 (E.D. Tenn. Sept. 22, 2011) ("the Court cannot dismiss a plaintiff's complaint solely because the plaintiff fails to respond to a Rule 12(b)(6) motion to dismiss.").

So if Ms. Currier had no burden in opposing First Resolution's motion to dismiss and no obligation to file a response, she certainly was not required to make any particular argument in his response in order to preserve an issue for potential appellate review. Rather, the issue on appeal in this case is whether the trial court erred in ruling that First Resolution met its burden "of demonstrating that [Ms. Currier's complaint] failed to state a claim." *Bangura*, *supra.* Under the applicable *de novo* standard, this Court's review is the same as the District Court's review.

*Performance Contracting, Inc. v. Seaboard Sur. Co.*, 163 F.3d 366, 369 (6th Cir. 1998). That is, like the District Court, the Court examines the complaint in order to determine whether it "contain[s] either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Id.* Therefore, First Resolution is wrong when it argues that some of Ms. Currier's issues presented on appeal are not properly preserved for review.

## II.    Ms. Currier's Issues are Properly Preserved for Review

All of Ms. Currier's arguments raised on appeal are based solely on the factual allegations in the complaint that those facts constitute a violation of the FDCPA. While the complaint does not specifically address some of the particular sections of the FDCPA argued in Ms. Currier's principal brief, the complaint does allege that the factual allegations in the complaint constitute a violation of the FDCPA. Complaint, RE 1, Page ID #3 ("The foregoing acts and omissions of First Resolution constitute violations of the FDCPA, including, but not limited to:"). Therefore, the Court may and should review all of the issues that Ms. Currier presents on appeal.

## III.   First Resolution had no Legal Right to File a Judicial Lien on a Non-Final Judgment

First Resolution argues that it could legally file a judgment lien on a non-final judgment based on KRS 426.030, which provides:

> No execution shall issue on any judgment, unless ordered by the court, until after the expiration of ten days from the rendition thereof.

The default judgment provides in pertinent part:

> This action coming on to be heard on the plaintiff's complaint . . . it is considered and adjudged that the plaintiff, First Resolution Investment Corp., recover of the defendant ROSLYN CURRIER, the sum of $1,000.51 plus interest at the rate of 21% per annum from September 29, 2006 until the date of judgment, then 21.00% per annum thereafter from the date of judgment until paid, and the further sum of $220.11 attorney's fees . . . and its court costs, *for all of which execution may issue forthwith.*

Default Judgment, RE 4-3, Page ID #32 (emphasis added).

First Resolution argues that the emphasized language negates the clear and plain language of KRS 426.720, which provides that judicial liens only attach to final judgments. But KRS 426.030 is Kentucky's general statute on execution of judgments. Importantly, **because KRS 426.720 expressly applies to judicial liens, KRS 426.720 controls over any conflict between KRS 426.720 and KRS 426.030**. *Light v. City of Louisville*, 248 S.W.3d 559, 563 (Ky. 2008) ("In harmonizing the conflict between two statutes that relate to the same subject, Kentucky follows the rule of statutory construction that the more specific statute controls over the more general statute"). Therefore, KRS 426.720 governs First Resolution's right to file judicial liens.

KRS 426.720 provides in pertinent part:

-3-

> A final judgment for the recovery of money or costs in the courts of record in this Commonwealth, whether state or federal, shall act as a lien upon all real estate in which the judgment debtor has any ownership interest, in any county in which the following first shall be done . . . .

The statute clearly states that a final judgment constitutes a valid lien if certain steps are taken. Under Kentucky law, "a judgment becomes final ten days after its entry by the trial court." *Harris v. Camp Taylor Fire Protection District*, 303 S.W.3d 479, 482 (Ky. App. 2009) (citing CR 52.02, CR 59.04, CR 59.05). So under KRS 426.720, First Resolution could not file a judgment lien on Ms. Currier's property until the default judgment was final. So at a minimum, First Resolution could not file a judicial lien on Ms. Currier's property until at least ten days had elapsed from the entry of the default judgment.

This means that at no time between entry of the default judgment on October 1, 2012 and the trial court's order vacating the default judgment on October 29, 2012 did First Resolution have the present right to file a judicial lien on Ms. Currier's property. This fact distinguishes this case from *Wilson v. Asset Acceptance,* LLC, 864 F.Supp.2d 642 (E.D. Ky., 2012), on which First Resolution relies.

In *Wilson*, the debt collector, Asset Acceptance, LLC ("AAL"), sued the plaintiff, Wilson, in Lincoln District Court to collect a debt from him. *Id.* at 643. AAL moved for and was granted summary judgment. *Id.* After the judgment was

-4-

final, AAL filed a wage garnishment order on Wilson's out-of-state employer and out-of-state bank. *Id.* Both the employer and the bank refused to honor the garnishment on grounds that the Kentucky court lacked jurisdiction to enforce its orders over them. *Id.* Thereafter, Wilson sued AAL alleging that AAL's attempt to garnish his wages and bank account violated the FDCPA because the Kentucky court lacked jurisdiction over the out-of-state funds. *Id.*

> The Wilson Court dismissed the complaint, explaining:
>
>> Rather than threatening action intended to induce payment of a disputed debt, Defendant merely sought to enforce a final judgment that had already been entered in its favor. While the procedural correctness of Defendant's method of enforcement may be disputed, this clearly is not the type of debt collection activity from which the FDCPA is designed to protect consumers.

*Id.* at 644-45 (emphasis added).

Here, First Resolution was not enforcing a final judgment. Rather, First Resolution filed a judgment lien on Ms. Currier's property on a non-final judgment contrary to Kentucky substantive and procedural law. Consequently, *Wilson* is inapposite.

## Conclusion and Relief Requested

For the reasons set forth above, the Court should reverse the district court's order dismissing Ms. Currier's complaint and remand this case for further proceedings.

Respectfully submitted,

November 12, 2013

/s/ James McKenzie
James McKenzie
*Attorney for Appellant*

## Certificate of Compliance with Fed. R. App. P. 32(a)(7)(C)

I hereby certify that the Appellant's reply brief submitted this 12th day of November, 2013, complies with the type-volume limitation. The brief was prepared using Microsoft Word, which reports that the brief consists of 1,189 total words.

/s/ James McKenzie

James McKenzie
*Attorney for Appellant*

## Certificate of Service

I hereby certify that Appellant's reply brief was served and filed this 12th day of November, 2013 using the Court's CM/ECF system, which will send electronic notification of the filing to those parties and counsel who have appeared of record

and are registered as CM/ECF participants, including John R. Tarter, Mapother & Mapother, P.S.C., 815 W. Market Street, Suite 500, Louisville, KY 40202.

/s/ James McKenzie
James McKenzie
*Attorney for Appellant*